**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In Re: HOLLI LUNDAHL,

    Debtor.

---

HOLLI LUNDAHL,

    Plaintiff-Appellant,

v.

PAUL EVES; JOYLENE EVES;
ROBERT HAMMON; BENLEY
WILSON; CONNIE SMITH JOLLEY;
HIDDEN VALE MGT. CO., INC.;
DOES 1 THROUGH 100,

    Defendants-Appellees.

No. 04-4040
(BAP No. UT-04-005)
(Utah)

**ORDER**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Holli Lundahl, appearing *pro se*, appeals the order of the United States

Bankruptcy Appellate Panel of the Tenth Circuit (BAP) dismissing her bankruptcy

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

appeal for failure to prosecute. The BAP found that Ms. Lundahl neither designated the record on appeal nor filed a statement of the issues to be raised. *See* FED. R. BANKR. P. 8006; 10TH CIR. BAP L.R. 8006-1(b). Furthermore, Ms. Lundahl failed to file a statement of interested parties. *See* 10TH CIR. BAP L.R. 8018-3. Accordingly, the court exercised its authority under FED. R. BANKR. P. 8001(a) and 10TH CIR. BAP L.R. 8018-4 to dismiss the case for failure to prosecute. We affirm the BAP's determination that dismissal was warranted and deny Ms. Lundahl's motion to proceed *in forma pauperis*.

On December 24, 2003, the bankruptcy court entered an order dismissing an adversary proceeding brought by Ms. Lundahl. Ms. Lundahl filed a timely notice of appeal to the BAP but her notice was not accompanied by the required filing and docketing fees. She subsequently filed an Application to Proceed Without Prepayment of Fees, which the court denied.

Within ten days after filing a notice of appeal, an appellant is directed by Federal Bankruptcy Rule 8006 to file with the clerk of the bankruptcy court a designation of the items to be included in the record and a statement of the issues to be presented. FED. R. BANKR. P. 8006. BAP Rule 8018-3(f) requires an appellant to file a statement of interested parties within ten days after notice that the appeal has been docketed with the BAP, or when a party files a motion with the BAP, whichever is earlier. The BAP issued a notice that the appeal had been

-2-

docketed and set forth a filing deadline of January 20, 2004, for a statement of interested parties, a designation of record, and a statement of issues. The deadline expired and Ms. Lundahl failed to file the required papers.

The BAP sent a Notice of Deficiency and Order to Show Cause, requiring Ms. Lundahl to: (1) file a statement of interested parties pursuant to 10TH CIR. BAP L.R. 8018-3; (2) file a copy of the designation of record in accordance with Bankruptcy Rule 8006; and (3) file a copy of the statement of issues in accordance with Bankruptcy Rule 8006. The BAP concomitantly warned Ms. Lundahl that failure to comport with the court order would result in dismissal of her appeal. Ms. Lundahl did not respond. Accordingly, the BAP dismissed the appeal for failure to prosecute. Ms. Lundahl then filed a motion to recall the BAP's mandate, which the court denied. This appeal followed.

We review a dismissal for failure to prosecute under an abuse of discretion standard. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (finding no abuse of discretion in dismissing *pro se* bankruptcy appeal for failure to designate record on appeal, failure to file statement of issues to be raised, and failure to file timely brief).

> The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissal for failure to prosecute should be imposed only after careful exercise of judicial discretion. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). Nonetheless, dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).

The BAP had the authority to take action it deemed appropriate, including dismissal, in response to Ms. Lundahl's failure to comply with court orders and the procedures demanded by the Bankruptcy Rules. FED. R. BANKR. P. 8001(a). Ms. Lundahl does not dispute her failure to comply with the applicable rules for prosecution of her appeal. She has not paid the requisite filing and docketing fees. The statement of interested parties, designation of record, and statement of issues have still not been filed. Moreover, Ms. Lundahl concedes that the BAP effectively warned her of the possibility of dismissal in its issuance of the Notice of Deficiency and Order to Show Cause on January 22, 2004. Aplt. Br. at 3-4.

Ms. Lundahl's sole contention before this court is that the BAP's dismissal of her appeal is void for want of jurisdiction. She specifically asserts that the BAP lacked jurisdiction over her appeal because the bankruptcy trial court lacked jurisdiction to enter the order dismissing the adversary proceeding. Ms. Lundahl's jurisdictional argument fails. Pursuant to 28 U.S.C. § 158(a), the BAP

-4-

had jurisdiction over Ms. Lundahl's appeal. The bankruptcy court's order disposed of her adversary proceeding and is a final order subject to appeal. 28 U.S.C. § 158(a)(1). Likewise, Ms. Lundahl consented to the BAP's jurisdiction by filing a timely notice of appeal and failing to elect to have the appeal heard by a district court. 28 U.S.C. § 158(c)(1); FED. R. BANKR. P. 8001; 10TH CIR. BAP L.R. 8001-1. In sum, the BAP had jurisdiction over Ms. Lundahl's appeal.

*Pro se* parties must follow the applicable rules of federal procedure. *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999); *Nielsen*, 17 F.3d at 1277. The BAP did not abuse its discretion in dismissing Ms. Lundahl's appeal.

For the reasons stated above, we **DENY** Ms. Lundahl's motion to proceed *in forma pauperis* and **AFFIRM** the BAP's dismissal for failure to prosecute.

ENTERED FOR THE COURT

Stephanie K. Seymour
United States Circuit Judge