17 F.3d 1276
 25 Bankr.Ct.Dec. 442
 Elwood L. NIELSEN and Lynn Nielsen, Plaintiffs-Appellants,
v.
Lois PRICE, Trustee; Lois L. Nielsen Estate; Grant
Thornton, appointed trustee for Chapter 7
Bankruptcy case of Elwood and Lynn
Nielsen, Defendants-Appellees,
Dunford Weston; Dunford M. Weston Family Partnership,
Intervenors-Appellees.
 No. 93-4072.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 23, 1994.
 
 Elwood L. Nielsen and Lynn Nielsen, pro se.
 James C. Jenkins of Jenkins and Burbank, Logan, Utah, for Defendant-Appellee Lois Price.
 Harriet E. Styler and Kevin R. Anderson of Kruse, Landa & Maycock, Salt Lake City, Utah, for Defendant-Appellee Grant Thornton.
 Gregory Skabelund, Logan, Utah, for Intervenors-Appellees Dunford Weston and The Dunford Weston Family Partnership.
 Before TACHA and BRORBY, Circuit Judges, and BROWN,* Senior District Judge.
 TACHA, Circuit Judge.
 
 
 1
 Plaintiffs, acting pro se, seek review of a district court order dismissing their appeal from an adverse judgment of the bankruptcy court.[1] The district court concluded that, "[a]lthough [plaintiffs] filed a timely Notice of Appeal ..., they have failed to comply with any of the other pertinent rules governing an appeal from the Bankruptcy Court." R. Vol. I tab 7, at 1. Specifically, the district court found plaintiffs had failed both to designate the record on appeal and to file a statement of the issues to be raised. See Bankr.R. 8006. Plaintiffs also did not file a brief within the time designated by the district court. See Bankr.R. 8009(a). Accordingly, the court exercised its discretionary authority under D.Utah R. 413 and Bankr.R. 8001 to dismiss the case for failure to prosecute. R. Vol. I tab 7, at 3. We review this ruling for an abuse of discretion. Balaber-Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 55 (2d Cir.1987); International Bhd. of Teamsters v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 774 F.2d 1303, 1305 (5th Cir.1985).
 
 
 2
 This court has repeatedly insisted that pro se parties "follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993); see Casper v. Commissioner, 805 F.2d 902, 906 n. 3 (10th Cir.1986); Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir.1980), cert. denied, 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981). Plaintiffs do not dispute the cited rule violations. Indeed, plaintiffs do not even attempt to present an explanation or excuse for their noncompliance.[2] Under the circumstances, we will not disturb the district court's determination that dismissal was warranted. See Balaber-Strauss, 835 F.2d at 56 (affirming district court's dismissal of appeal where appellants "argue[d] only the merits of their bankruptcy appeal, which of course are not before us, and d[id] not even address the failure-to-prosecute ground of the district court's dismissal of that appeal").
 
 
 3
 The judgment of the United States District Court for the District of Utah is AFFIRMED. Appellants' ex parte motion to supplement the record with the file from appellant Elwood Leslie Nielsen's 1978 divorce proceeding is denied.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 We note that, after filing their appeal with the district court, plaintiffs each commenced a second bankruptcy action, this time in the District of Nevada, and then invoked the existence of the latter actions to seek a stay, presumably under 11 U.S.C. Sec. 362(a)(1), to postpone their already tardy appellate responsibilities in this case. The district court properly rejected this gambit when it dismissed plaintiffs' appeal. The Sec. 362(a)(1) stay applies to actions that are "against the debtor" at their inception, regardless of the subsequent appellate posture of the case. See Ellis v. Consolidated Diesel Elec. Corp., 894 F.2d 371, 373 (10th Cir.1990). Moreover, we are concerned with the parties' alignment with respect to this particular adversary proceeding, not the underlying petition. O'Neill v. Continental Airlines, Inc. (In re Continental Airlines), 928 F.2d 127, 129 (5th Cir.1991). Accordingly, Sec. 362(a)(1) did not operate to stay this adversary proceeding commenced by the debtor-plaintiffs