**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

SHERRY D. OAKS,

        Debtor,

SHERRY D. OAKS,

        Appellant,

v.

SALLY J. ZEMAN, Chapter 13
Trustee,

        Appellee.

No. 97-1224
(D.C. No. 97-AP-692)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Debtor Sherry D. Oaks appeals pro se from the district court's order dismissing, for failure to comply with the court's orders, her appeal from an order of the bankruptcy court.

On April 4, 1997, the magistrate judge ordered Ms. Oaks to appear at a prebriefing conference on May 7, and stated in the order that failure to appear at the conference would be considered noncompliance with the order and could result in dismissal with prejudice. On April 18, the district court ordered her to show cause within ten days why the appeal should not be dismissed for failure to prosecute because Ms. Oaks had not filed a designation of the record as required by Bankr. R. 8006. On May 5, she filed her response to the show cause order in which she indicated that she had been incapacitated by "dispolia" since April 26, and that she had not received notice of the Rule 8006 violation until May 2. She requested a ten-day extension in which to comply with Rule 8006. Ms. Oaks failed to appear at the May 7 prebriefing conference as ordered; at least one of her creditors did appear. The magistrate judge recommended that because of her failure to appear as ordered, the appeal be dismissed with prejudice. On May 9,

Ms. Oaks filed a "motion for request for mercy, understanding, and justice" in which she stated that she had not received any notice of the hearing scheduled for May 7, and only learned about it, on May 9, from a creditor's attorney. On May 13, the district court adopted the recommendation of the magistrate judge and dismissed the appeal for failure to comply with the court's orders.

We review the district court's dismissal for failure to prosecute for abuse of discretion. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). We have fully considered Ms. Oaks arguments and conclude that Ms. Oaks has not demonstrated that the district court abused its discretion in dismissing the appeal.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-