**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ASSET RESTRUCTURING FUND,
L.P.,

　　　　　Appellant,

v.

FREDERICK J. SPITZ; HALCYON
JANELL SPITZ; PAVE TECH, INC.,

　　　　　Appellees.

_____

ROBERT GARRETT; L. WINN
HOLBROOK,

　　　　　Trustees.

No. 98-6430
(D.C. No. CV-98-149-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

* 　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Asset Restructuring Fund, L.P. appealed an adverse bankruptcy court decision to the federal district court. [1] The district court dismissed the appeal due to appellant's delay in attempting to file an opening brief. Appellant now appeals the dismissal to this court. We exercise jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We affirm.

The bankruptcy court record on appeal was transmitted to the district court on January 29, 1998. Consequently, pursuant to Local Rule 7.2(a) of the Western District of Oklahoma, appellant's brief was due fifteen days later on February 13, 1998. See Fed. R. Bankr. P. 8009(a) (deferring to local rule's filing time limits). On July 29, 1998, the district court directed the parties to inform it of the status of the appeal on or before August 7, 1998. An extension of time was granted to appellant, and a joint status report was filed on August 14, 1998. Also on that date, appellant filed an application for leave to file an appeal brief out of time, to which was appended a proposed brief challenging the bankruptcy court's order approving a sale of assets. The district court denied leave to amend and dismissed the appeal.

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On appeal to this court, appellant argues (1) the bankruptcy court erred because it did not require evidence showing the value of the assets to be sold, (2) the bankruptcy court's order authorizing the sale was not supported by sufficient evidence, (3) the bankruptcy court denied appellant due process and a fair hearing, and (4) the district court erred in denying appellant leave to file a brief out of time and in dismissing the appeal.

Unless we determine that the district court's decision to dismiss the appeal was in error, we may not reach the merits of the underlying bankruptcy order. We review the district court's decision to dismiss the appeal for failure to prosecute for an abuse of discretion. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). Appellant informed the district court that it had not filed its brief on time "for reasons attributable to . . . counsel aris[ing] from health reasons." Appellant's App. at 37. Appellant offered no information or affidavits to support or explain why a brief could not have been filed timely or an extension requested. We have carefully reviewed the parties' appendices and briefs. There is little in the record to warrant further discussion. Under the circumstances, we find no abuse of discretion in the district court's decision to dismiss the appeal. [2] See Nielsen, 17 F.3d at 1277.

---

[2] Because we affirm the district court's decision to dismiss the appeal for failure to prosecute, we do not address the district court's alternative finding that the appeal was rendered moot by interim actions taken by the bankruptcy court.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge