**F I L E D**

# UNITED STATES COURT OF APPEALS

**JUL 3 2001**

## TENTH CIRCUIT

KATHY ADAMS,

     Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS,

     Defendant-Appellee.

No. 00-1327
(D.C. No. 98-WY-1786-WD)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

Kathy S. Adams, appearing *pro se*, appeals from the district court's

dismissal of her case. She presents two issues for our resolution: (1) whether the

district court erred in its evidentiary rulings and (2) whether the district court's

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

dismissal of her retaliation claim was proper. For the reasons stated below, we affirm.

Ms. Adams filed suit in federal district court against the Colorado Department of Corrections, her former employer, under Title VII of the Civil Rights Act, 42 U.S.C. §2000e. Ms. Adams asserted two claims against the Department: first, that she was subjected to a hostile work environment due to sexual harassment and second, that she was subjected to a retaliatory firing by the Department after she complained about the harassment. After a five-day trial, the court dismissed Ms. Adams' retaliation claim but sent the sexual harassment claim to the jury. The jury found in favor of the Department. We note that Ms. Adams was represented by counsel at the trial level.

Ms. Adams' first argument is that the district court erred in admitting certain evidence and in excluding other evidence. Unfortunately, however, Ms. Adams points us to no particular evidentiary ruling and fails to specify exactly which rulings she is appealing. She speaks of the evidence only in general terms and conclusory statements. It is well established that evidentiary rulings, which are reviewed for abuse of discretion by this court, will only be reversed if this court has "a firm and definite belief that the trial court made a clear error in judgment." *Macsenti v. Becker*, 237 F.3d 1223, 1236 (10th Cir. 2001), *citing Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1433 (10th Cir. 1993). Since

Ms. Adams has failed to indicate which rulings she appeals, it is difficult to evaluate her argument.

Even had Ms. Adams identified the rulings she is appealing, she did not provide us with a transcript of the proceedings below. Our rules provide that "[t]he appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1). Provision of a transcript of the relevant portions of the trial is particularly important where the "appeal is based on a challenge to the admission or exclusion of evidence." 10th Cir. R. 10.3(D)(1). This court is not obliged to consider any issue for which an adequate record is not presented by a party. 10th Cir. R. 10.3 (B). We recognize that Ms. Adams is not represented by counsel. Nevertheless, "[w]hile we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements" of the Federal Rules of Appellate Procedure and Tenth Circuit Local Rules. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *citing Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Without a transcript, we simply cannot evaluate Ms. Adams' first claim.

Although Ms. Adams petitioned the district court to allow her to proceed without paying for a transcript, her petition was denied because, in the court's

view, her appeal "[did] not present a substantial question, i.e., a significant issue that is unique, unusual or reasonably debatable" as is required by 28 U.S.C. § 753(f). Rec., Doc. 70 at 1. Section 753(f) states that "fees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Ms. Adams does not appeal the district court's ruling on this issue.[1]

Ms. Adams' second argument is that the district court erred in dismissing her retaliation claim, and that this dismissal flowed from her inability to present certain evidence during the presentation of her case. This court has held that judgment as a matter of law is appropriate only if during a jury trial "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). We apply a *de novo* standard of review to the grant of judgment as a matter of law. *Corneveaux v. Cuna Mut. Ins. Group*, 76 F.3d 1498, 1502 (10th Cir. 1996), *citing Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995). Since we have no trial transcript, however, we cannot adequately review this issue either. We are under no obligation to "remedy any failure . . . to designate an adequate

---

[1]We note that even had Ms. Adams appealed the district court's denial of her transcript request, we would have been inclined to affirm the denial since her appeal, as presented, appears not to satisfy 28 U.S.C. § 753(f).

record.  When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it."  10th Cir. R. 10.3(B).  Accordingly, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge