**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD E. ARMSTRONG,

    Plaintiff-Appellant,

v.

STEVEN R. BAILEY, Trustee of the
Willow Brook Cottages, L.L.C.
Bankruptcy Estate and individually;
DUANE H. GILLMAN, individually
and as counsel for Steven R. Bailey,

    Defendants-Appellees.

No. 03-4208
(D.C. No. 2:03-CV-212-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Donald E. Armstrong appeals two orders of the district court, one dismissing his appeal for failure to timely file an opening brief, and one denying his motion to recuse. We affirm.

Matters regarding extensions of time in which to file briefs are left to the discretion of the relevant court. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (finding no abuse of discretion in dismissing bankruptcy appeal because of untimely filed brief); *cf. Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995) (finding no abuse of discretion in permitting late filing under Federal Rules of Civil Procedure). Given the fact that Armstrong had already received an extension of thirty days in which to file his opening brief, we perceive no abuse of discretion in refusing to grant further extensions. The fact that this court has, on occasion, allowed late filings by Armstrong and perhaps others has no relevance in this matter. The district court was fully within its authority to manage its own docket. *See Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985).

Next, Armstrong argues that the judge should have recused. Because the judge documented her decision not to recuse, we review this matter for abuse of discretion. *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir. 1994); *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999).

When the impartiality of a judge may be reasonably questioned in any proceeding, recusal is required. 28 U.S.C. § 455(a). Armstrong argues that no reasonable person could do anything but question the impartiality of the judge. To support this contention, however, Armstrong points to nothing but conclusory statements and the fact that the judge has previously ruled against him. This is insufficient to establish grounds for recusal under § 455(a).

Previous adverse rulings are almost never a basis for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). The most common basis for recusal is when a judge learns something outside of the proceedings before her which "result[s] in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *See In re Am. Ready Mix*, 14 F.3d at 1501; *see also Liteky*, 510 U.S. at 551 (noting that extrajudicial source factor is the only *common* basis upon which to establish disqualifying bias). Armstrong does not contend that there is any extrajudicial source at work here that has prejudiced the judge. He appears to argue, instead, that this is one of those rare cases where the alleged bias or prejudice "springs from the facts adduced or the events occurring at trial, [and] is so extreme as to display clear inability to render fair judgment." *Id.* We have thoroughly examined the record in this case and disagree.

In connection with his recusal arguments, Armstrong continues to complain that no court has addressed what he considers the "excessive penalties in the Modified Judgment [that] are unconstitutionally excessive." *See* Aplt. Br. at 17. We assume Armstrong is referring to the judgment of the Texas state court in 1997. There is no court within the Tenth Circuit with jurisdiction to review any part of that judgment, and the refusal of courts within this Circuit to do so is not evidence of bias toward Armstrong or an effort to deny him access to the courts.

Armstrong's motion to supplement the record is DENIED. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge