**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MALTA JEFFRIES,

      Plaintiff-Appellant,

v.

PROPACK, INC., an Oklahoma
corporation; GRAEBEL/
OKLAHOMA MOVERS, INC., an
Oklahoma corporation,

      Defendants-Appellees.

No. 03-5202
(D.C. No 02-CV-924-EA)

---

**ORDER**

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

      This matter is before the court for consideration of dismissal in light of appellant's noncompliance with procedural obligations, particularly those relating to timely briefing. For the reasons explained below, we dismiss the appeal.

      Appellant, represented by counsel throughout the proceedings, has ignored routine obligations in prosecuting this appeal and has responded in an inadequate and dilatory manner after being admonished to cure various deficiencies. At the outset, appellant failed to file a transcript order form or statement that a transcript was not necessary, Fed. R. App. P. 10(b); 10th Cir. R. 10.1(A)(2), a prerequisite

to initiating the briefing schedule, Fed. R. App. P. 31; 10th Cir. R. 11.1 & 31.1(A)(1). It took a deficiency notice from the clerk to prompt appellant to complete this first step.

Appellant showed considerably more dereliction regarding her ensuing briefing obligations. A week after the deadline had passed for filing her opening brief and appendix, with neither these materials nor a motion for extension of time appearing, the clerk sent appellant a letter noting the noncompliance and warning that the appeal would be subject to dismissal without further notice if the omission was not cured within ten calendar days. In the meantime, one of the appellees moved to dismiss for lack of a timely brief. *See* Fed. R. App. P. 31(c) ("If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal.").

Despite the clerk's warning and opposing counsel's motion, appellant did not file her brief or move for an extension of time in the period prescribed. A few days later, the clerk issued an order reserving the question of dismissal to the panel selected to hear the appeal. Appellant then promptly submitted a brief and appendix, but due to a long list of deficiencies, these were not accepted for filing. Two short extensions of time followed. Only after the expiration of the second did appellant finally file a corrected opening brief.

This court is authorized to address appellant's noncompliance with her procedural obligations "as it considers appropriate, including [by] dismissing the appeal." Fed. R. App. P. 3(a)(2). This case reflects a patent persistent inattention to clearly delineated routine requirements, for which the only excuse offered has been inexperience with the appellate process. The court expects counsel to read and follow the rules–indeed, we expect this of parties proceeding pro se, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10 th Cir. 1994)–and litigants are accountable for the acts and omissions of their counsel. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Accordingly, we deem it an appropriate exercise of our discretion to dismiss this appeal. *See Nielsen*, 17 F.3d at 1277 (affirming district court's discretionary dismissal of bankruptcy appeal for comparable conduct).

The appeal is DISMISSED.

<div style="margin-left: 50%;">

Entered for the Court
PATRICK FISHER, Clerk


By:
Deputy Clerk

</div>