**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 30, 2006**

**TENTH CIRCUIT**

JOYCE D. STALLINGS,

     Plaintiff - Appellant,

v.

PROGENE BIOMEDICAL IBT
REFERENCE LAB,

     Defendant - Appellee.

No. 05-3446
(D. Kansas)
(D.Ct. No. 04-CV-2342-KHV)

**ORDER AND JUDGMENT***

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Joyce Stallings filed a pro se complaint alleging her employer, Progene Biomedical IBT Reference Lab (Progene), subjected her to discrimination on the

---

     * This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

basis of her race, sex, age and, perhaps, a disability.[1]  She also claimed she was discharged in retaliation for her opposition to such discrimination.  Progene filed a motion for summary judgment which the district court granted on November 2, 2005.  Stallings appeals from that judgment.  We affirm.

"We review a district court's grant of summary judgment de novo, using the same standards applied by the district court."  *Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006).  Viewing the evidence and reasonable inferences drawn from it in the light most favorable to the nonmoving party, we will affirm a grant of summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  However, in this case we affirm the summary judgment because Stallings has forfeited her right to a review of that decision.

Stallings' appellate brief contains no substantive argument, no citation to the record and no legal authority in support of her claims.  Other than legal citations for the standard of review and elements of a prima facie discrimination case, Stallings' entire argument consists of the following:

---

[1] Stallings' complaint alleges Progene discriminated against her "because of plaintiff's handicap; failed to accommodate or otherwise make provisions to plaintiff as required by law."  (Doc. 1, ¶ 19.)  However, there is no mention of a disability in later pleadings.

> I think the district court incorrectly decided the facts. The court concluded that the evidence cited did not rise to the level of "a steady barrage of opprobrious racial comment" as required by the law of the Tenth Circuit to establish a racially hostile work environment . . . . Plaintiff clearly established that she was subjected to a steady barrage of opprobrious or otherwise unwelcome conduct that was directed at her because she is a woman and because she is African American.

(Appellant's Br. at ¶¶ 5, 7.)

This conclusory statement is inadequate to preserve any issues for review. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). We recognize "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (quotations omitted). The Federal Rules of Appellate Procedure require appellants to provide, under an appropriate heading, an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9). Rule 28 "applies equally to pro se litigants," and requires "more than a generalized assertion of error, with citations to supporting authority." *Garrett,* 425 F.3d at 840-41 (quotation omitted). "[W]hen a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the

necessary legal research." *Id.* (quotations omitted)

Liberally construing the pleadings and allowing for a *pro se* plaintiff's "failure to cite proper legal authority, h[er] confusion of various legal theories, h[er] poor syntax and sentence construction, or h[er] unfamiliarity with pleading requirements," *Hall,* 935 F.2d at 1110, does not permit us to "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

Stallings' failure to provide cogent argument or citation to evidence in the record in both her response to Progene's motion for summary judgment and on appeal, leaves us disinclined to exercise "any discretion we may have to delve for substance in a pro se pleading." *Id.*; *see Orr v. City of Albuquerque*, 417 F.3d 1144, 1151 (10th Cir. 2005) (absent citation to the record on appeal, the district court properly held plaintiff did not suffer adverse employment action).

Because Stallings has forfeited her appeal by failing to preserve any issue for review, we also deny her motion for leave to proceed *in forma pauperis*. AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-4-