**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ATHELIA P. SMITH-JOHNSON,

        Plaintiff - Appellant,

v.

MARY ANN FLUNDER, Chairman,
Wyandotte/Leavenworth Area Agency on
Aging,

        Defendant - Appellee.

No. 06-3278
(D. Kansas)
(D.C. No. 06-CV-4019-JAR)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

---

    Plaintiff-Appellant Athelia P. Smith-Johnson, proceeding pro se, appeals the

district court's dismissal of her civil rights and discrimination claims. We affirm.

    On February 2, 2006, Ms. Smith-Johnson filed suit in the United States District

Court for the District of Kansas. On March 31, 2006, the district court entered a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

conditional order of dismissal. In a thorough five-page order, the district court explained that Ms. Smith-Johnson's process and service of process were insufficient under Federal Rules of Civil Procedure 12(b)(4) and (5). Additionally, the district court noted that, even though it was construing her complaint liberally to state civil rights and discrimination claims, Ms. Smith-Johnson failed to sufficiently invoke federal jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because she did not make any factual allegations. Accordingly, the district court gave Ms. Smith-Johnson until June 20, 2006 to correct these deficiencies and amend her complaint. Because she did not comply with the order, the district court dismissed the action on July 7, 2006.

Ms. Smith-Johnson has forfeited appellate review of the district court's decision. Although we construe pro se filings liberally, "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28(a) requires an appellant's brief to contain "a statement of the issues presented for review," "a statement of the case briefly indicating the nature of the case, the course of proceedings, and the disposition below," "a statement of facts relevant to the issues submitted for review with appropriate references to the record," "a summary of the argument, which must contain a succinct, clear and accurate statement of the arguments made in the body of the brief," and "the argument, which must contain: appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies; and for each issue, a concise statement of the

applicable standard of review." FED. R. APP. P. 28(a)(5)-(9). Thus, "[u]nder Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority. [W]hen a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (second alteration in original; internal quotation marks and citation omitted).

Here, Ms. Smith Johnson's entire brief is composed of the issues presented for review ("civil rights" and "discrimination") and one potential complete sentence ("proof of statements have been sent in previous records in your possession"). Aplt's Br. at 2-3. Her brief does not contain a statement of facts, citations to the record, or a statement of the applicable standard of review with respect to the issues presented. Furthermore, she does not contest the district court's analysis in its conditional order of dismissal, nor does she present any reason for failing to amend her complaint. At best, then, Ms. Smith-Johnson makes "generalized assertion[s] of error" that her civil rights were violated and that she was the victim of discrimination. *Garrett*, 425 F.3d at 841. While we construe pro se pleadings liberally, this sparse submission is so deficient that we decline to exercise "any discretion we may have to delve for substance." *Id*. at 840.

Accordingly, we AFFIRM the district court's dismissal of Ms. Smith-Johnson's complaint.

Entered for the Court,


Robert H. Henry
Circuit Judge