**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ENRIQUE JARAMILLO MARTINEZ,

　　　　　　Petitioner - Appellant,

　　v.

EUGENE ABBOTT, Warden, C.T.C.F;
JOHN SUTHERS, The Attorney General
of the State of Colorado,

　　　　　　Respondents - Appellees.

No. 09-1053
(D. Ct. No. 1:08-CV-02736-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

　　　　Petitioner-Appellant Enrique Jaramillo Martinez, a state prisoner proceeding pro

se, seeks a certificate of appealability ("COA") to appeal from the district court's denial

of his petition for habeas relief pursuant to 28 U.S.C. § 2254. We take jurisdiction under

28 U.S.C. § 1291, DENY Mr. Martinez's request for a COA, and DISMISS this appeal.

　　　　Mr. Martinez pleaded guilty in 1994 to two counts of sexual assault on a child.

His conviction and sentence were affirmed on direct appeal and the Colorado Supreme

Court denied certiorari review. In 2004, Mr. Martinez filed a § 2254 habeas petition in

federal district court and the court dismissed the petition as time-barred. *See* 28 U.S.C. §

2244(d). In December 2008, Mr. Martinez filed a second § 2254 habeas petition in

federal district court challenging his conviction and sentence. The district court

determined he was raising the same claims he had raised in his previous petition and denied the petition as successive.[1] Mr. Martinez appeals.

A habeas petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2254 without first obtaining a COA. 28 U.S.C. § 2253(c)(1). Because the district court denied Mr. Martinez's petition as successive, a COA may issue only if Mr. Martinez demonstrates that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is clear from the record in this case that the district court's procedural ruling was correct. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quotations omitted). The district court's determination that Mr. Martinez's second habeas petition did not raise any new claims was itself proper grounds for dismissal. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Even if, however, Mr. Martinez had raised new claims in his second petition the petition would still have been appropriately dismissed on procedural grounds. He has not argued that any of his claims are based on "a new rule of constitutional law" or that the factual predicate for any of his claims "could not have been discovered previously through the exercise of due diligence." 28 U.S.C. §

---

[1] The district court determined it was not in the interest of justice to transfer Mr. Martinez's petition to this circuit pursuant to 28 U.S.C. § 1631.

2244(a)(2)(A)–(B)(ii).  Accordingly we conclude that reasonable jurists could not debate that the district court was correct in dismissing Mr. Martinez's petition.  We therefore DENY a COA and DISMISS this appeal.  Mr. Martinez's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge