FILED
United States Court of Appeals
Tenth Circuit

November 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUVEN WHITEHORSE,

Defendant-Appellant.

No. 09-4154

(D. of Utah)

(D.C. No. 2:09-CV-273-TS)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Luven Whitehorse, a federal prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C.

§ 2255 motion. The district court found that Whitehorse's motion was an

unauthorized second or successive § 2255 filing and dismissed it for lack of

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Whitehorse is proceeding pro se, we construe his filings liberally.
*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY Whitehorse's request for a COA and DISMISS the appeal.

## I. Background

In 2004, after pleading guilty to charges involving the aggravated sexual abuse of a minor, Whitehorse was sentenced to a term of 188 months' imprisonment.

Whitehorse did not pursue a direct appeal. He has, however, filed three motions pursuant to § 2255. Whitehorse's first motion, filed March 18, 2005, was denied for being outside the statute of limitations. His second motion, filed August 22, 2005, was denied as an unauthorized second or successive filing. And his last motion, filed March 27, 2009, was also denied as an unauthorized second or successive filing. The district court held that it was not in the interest of justice to transfer the 2009 motion to this court for authorization and, instead, dismissed it for lack of jurisdiction.

Subsequently, the district court denied Whitehorse's requests for reconsideration and a COA.

## II. Discussion

A § 2255 movant must obtain a COA before appealing the district court's final order. *See* 28 U.S.C. § 2253(c)(1)(B). "[O]nly if the applicant has made a substantial showing of the denial of a constitutional right" will the court issue a COA. 28 U.S.C. § 2253(c)(2). When, as here, the district court denies the

movant's claim on procedural grounds, we will not issue a COA unless the petitioner demonstrates: "[(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where possible, courts should resolve cases based on this test's second prong. *Id.* at 485.

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). The court will only authorize a successive petition when the movant relies on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2255(h).

> When a second or successive [] § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the [] petition for lack of jurisdiction.

*In re Cline*, 531 F.3d at 1252. A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h). *See In re Cline*, 531 F.3d at 1252. In determining whether a transfer is in the interest of justice, a district court should consider whether the claims would be time barred if filed in the proper forum, whether the

claims are meritorious, and whether the claims were filed in good faith. *See id.* at 1251.

It is clear from the record that the district court's procedural ruling was undebatably correct. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Whitehorse has not argued that any of his claims are based on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2255(h). Moreover, as the district court concluded—and as Whitehorse does not contest—the claims in Whitehorse's motion are time barred.

Along with his § 2255 motion, Whitehorse submitted a motion challenging the constitutionality of 28 U.S.C. §§ 2244 and 2255. That motion is nothing more than an attempt to short cut the procedural rules governing the filing of second or successive § 2255 motions. Whitehorse's position is untenable; the provisions applicable to second or successive motions undoubtedly pass constitutional muster. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) ("A reasonable opportunity to raise an issue on appeal or in a first § 2255 motion, or within the AEDPA [(Antiterrorism and Effective Death Penalty Act)] restrictions in a second motion, is enough to . . . satisfy the Constitution. . . ."). As such, Whitehorse's additional motion need not have altered the district court's second-or-successive analysis and does not alter our COA analysis.

### III.  Conclusion

For the foregoing reasons, we DENY Whitehorse's application for a COA and DISMISS this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge