FILED
United States Court of Appeals
Tenth Circuit

April 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELADIO BELTRAN-LOPEZ, a/k/a
Eladio Lopez Beltran,

Defendant - Appellant.

No. 09-1506

(D. Colorado)

(D.C. Nos. 1:09-CV-00839-WYD and
1:06-CR-00209-WYD-1)

---

ORDER DENYING
CERTIFICATE OF APPEALABILITY[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Eladio Beltran-Lopez, a federal prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal the denial of his motion which the district court construed as a 28 U.S.C. § 2255 petition to vacate, set aside or correct his sentence and conviction. We deny Mr. Beltran-Lopez's request for a COA and dismiss this matter.

Mr. Beltran-Lopez was convicted by a jury of unlawfully reentering the United States after having been deported previously following a conviction for an aggravated felony. He was accordingly sentenced on November 30, 2006, to 125 months' imprisonment. Our court affirmed his sentence. United States v. Beltran-Lopez, 252 Fed. Appx. 928 (10th Cir. Oct. 31, 2007). The Supreme Court denied his petition for a writ of certiorari on February 19, 2008.

On February 24, 2009, Mr. Beltran-Lopez filed a pleading *pro se*, which the district court liberally construed as a § 2255 motion challenging his sentence. On March 2, 2009, the district court ordered Mr. Beltran-Lopez to cure a deficiency in his case by filing an amended § 2255 motion within thirty days on the proper, court-approved form. Mr. Beltran-Lopez failed to cure the designated deficiency within the time stipulated, or to communicate with the court in any other manner.

The district court found Mr. Beltran-Lopez's § 2255 petition time-barred by the one-year statute of limitations applicable to § 2255 motions.[1]  As the court explained:

> The judgment of conviction in this criminal action became final on February 19, 2008, when the United States Supreme Court denied Mr. Beltran-Lopez's petition for writ of certiorari on direct appeal.  Mr. Beltran-Lopez does not allege that he was prevented by unconstitutional governmental action from filing the instant motion sooner, he is not asserting any rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and the facts supporting his claims were or could have been discovered at the time he was convicted and during the course of his direct appeal.  Therefore, I find that the one-year

---

[1]Section 2255 provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> limitation period began to run on February 19, 2008, when the judgment of conviction became final.

Order at 2, R. Vol. 1 at 37 (citations omitted). As a result, Mr. Beltran-Lopez's petition, filed on February 24, 2009, was filed more than one year after the date (February 19, 2008) when his conviction became final. Although the court noted that the doctrine of equitable tolling does apply to § 2255 motions, the court concluded that there was no basis on which to toll the statute of limitations in this case. Accordingly, the court dismissed the matter. The district court subsequently denied Mr. Beltran-Lopez's motion for reconsideration. The court did not grant a COA on any issue, and it did not rule on whether Mr. Beltran-Lopez could proceed on appeal *in forma pauperis*.

The issuance of a COA is jurisdictional. We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make this showing, Mr. Beltran-Lopez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2002). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court dismisses a petition on

procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should not be allowed to proceed further." Id. at 484.

In this case, there was a clear and dispositive procedural rule upon which the district court relied to dispose of this case. No reasonable jurist could question the propriety of the district court's dismissal of this case. While Mr. Beltran-Lopez asks us to excuse his failure to follow the relevant rule because he is proceeding *pro se*, we cannot do that. Although a *pro se* litigant's pleadings and filings are interpreted liberally, "[t]his court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" Nielsen v. Price, 17 F. 3d 1276, 1277 (10th Cir. 1994) (quoting Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)). We therefore deny Mr. Beltran-Lopez a COA, and dismiss this matter.

Because we have determined that no jurists of reason would find it debatable whether the district court was correct in denying Mr. Beltran-Lopez's § 2255 petition, we DENY his application for a COA and DISMISS this matter.

-5-

We also DENY Mr. Beltran-Lopez permission to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge