FILED
United States Court of Appeals
Tenth Circuit

June 19, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOEL W. ALLEN,

     Plaintiff - Appellant,

v.

RUDY BRIGGS, Sheriff,

     Defendant - Appellee.

No. 09-7027
(D.C. No. 6:08-CV-334-FHS)
(E.D. Okla.)

JOEL W. ALLEN,

     Plaintiff - Appellant,

v.

JOE PAUL ROBERTSON, Executor
of Estate of Lloyd Payton,

     Defendant - Appellee.

No. 09-7032
(D.C. No. 6:09-CV-121-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joel W. Allen was convicted by an Oklahoma state court of rape, kidnapping for extortion, and forcible sodomy in 1990. He was released from prison in 1998. The record before us is unclear, but it appears likely that he is currently on probation. As a *pro se* litigant, Mr. Allen brought these two lawsuits *in forma pauperis* challenging various aspects of the trial that led to his conviction. The district court dismissed them as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and Mr. Allen appeals. We have consolidated the two cases for decision.

Proceeding *in forma pauperis* in federal court is a privilege, not a right. The district court has power to police abuses of that privilege by dismissing "frivolous" claims brought without payment of the filing fee. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This standard means much more than just merely wrong. The district court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), *id.* at 328, or because it finds the plaintiff's factual allegations "unlikely," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). It must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. Thus, a legally

frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, where "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33.

We review the district court dismissal of an *in forma pauperis* complaint on grounds of frivolousness for abuse of discretion. *Id.* at 34. In deciding whether an abuse of discretion has occurred, we are instructed to consider "whether the plaintiff was proceeding *pro se*, whether the [district] court inappropriately resolved genuine issues of disputed fact, whether the court applied erroneous legal conclusions, whether the court has provided a statement explaining the dismissal that facilitates intelligent appellate review, and whether the dismissal was with or without prejudice." *Id.* (internal citations and quotations omitted). Mr. Allen is a *pro se* litigant, which requires us to construe his pleadings and other papers generously. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). We turn now to the two pending appeals.

* * *

We begin with No. 09-7032. In this case, Mr. Allen alleges that his trial counsel provided ineffective assistance of counsel. But rather than sue his custodian or at least some other representative of the state, Mr. Allen has sued his

trial lawyers, Joe Paul Robertson and Lloyd Payton (actually, Mr. Payton's estate). He alleges that they failed to contest the government's case in various ways, that "they 'sold him out,' and that is why he got convicted." No. 09-7032, D. Ct. Order at 3. He seeks relief for this alleged conduct under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and by writ of habeas corpus. The district court dismissed this action as frivolous. First, it found that habeas corpus was an inappropriate remedy because, it concluded, Mr. Allen is not in custody. No. 09-7032, D. Ct. Order at 2. It also found that Mr. Allen failed to explain his claims, which were unconnected to any "recognizable legal theory of recovery." *Id.* His factual allegations were "vague and at times completely incoherent," as well as "fanciful, fantastic, and delusional." *Id.*

We agree with the district court that Mr. Allen's suit against his lawyers is frivolous. Among many other problems, 42 U.S.C. § 1983 only authorizes relief against those who violate a person's civil rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defense lawyers do not even arguably fit this description. Indeed, the Supreme Court has held that § 1983 may not even be used to sue defense attorneys who are state employees; "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (dismissing § 1983 suit against

- 4 -

public defender). Neither can Mr. Allen fare better under § 1985. That statute permits suits against those who conspire to deprive others of their civil rights. Unlike § 1983, it does not require a showing of state action because it was enacted pursuant to the Congress's authority under the Thirteenth Amendment. *Griffin v. Breckenridge*, 403 U.S. 88, 104-05 (1971). But because its object is to punish the "deprivation of the *equal* enjoyment of rights secured by the law to all," *id.* at 102 (emphasis supplied), section 1985 does require "that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," *id.*; *see also Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Mr. Allen has no arguable basis for imputing invidious discrimination to his attorneys' alleged ineffectiveness. He claims only that they "sold him out," not that they conspired to deprive of him the equal protection of the laws. The district court was within its authority to dismiss these claims as frivolous.

Then there is the matter of habeas corpus. Mr. Allen's complaint lists habeas corpus among the many remedies he seeks against his attorneys. Because he is in custody, if at all, pursuant to the judgment of a state court, Mr. Allen cannot appeal the district court's denial of habeas relief without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right."

- 5 -

28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). Where the district court dismisses a habeas petition on procedural grounds, as it did in this case, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Concededly, one reason given by the district court for rejecting the habeas application may be wrong. Though the district court concluded that habeas was inappropriate because Mr. Allen is not in custody, No. 09-7032, D. Ct. Op. at 2, it appears from the record in the related proceeding (pending before the same district judge) that Mr. Allen may be on probation. The record shows that Mr. Allen was originally sentenced to a term of at least forty years in prison (which are not yet up), No. 09-7027, R. vol. I, at 40, and that he was released to probation in 1998, *id.* at 33. The Supreme Court has held that a paroled prisoner is still "in custody" for purposes of habeas corpus jurisdiction because he is subject to significant restraints on his liberty not shared by the general public. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Jones v. Cunningham*, 371 U.S. 236 (1963).

However, we think the COA must nevertheless be denied because Mr. Allen's habeas petition remains frivolous as a matter of law. Whether or not Mr. Allen is in custody, he is certainly not *in his defense attorneys'* custody – particularly given that one of those defense attorneys is apparently now deceased. Generally, the proper respondent of a habeas petition is the person having "*immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, [so] that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). This immediate custodian is invariably an official of the government, not a private person. We do not think it arguable that Mr. Allen's defense attorneys, much less his attorney's estate, are holding him "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), or that they could produce his body and answer for the legality of his detention. We do not suggest that every habeas petition that names the wrong respondent must or can be dismissed as frivolous; only those, like this one, whose choice of respondent "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *see also Billa v. United States*, 1992 WL 73491 (D.D.C. 1992) (unpublished) (dismissing as frivolous habeas petition not brought against petitioner's immediate custodian). Because the habeas petition was undoubtedly frivolous, the COA will be denied.

* * *

We turn now to Mr. Allen's other appeal, No. 09-7027. This lawsuit also concerns Mr. Allen's criminal trial. Mr. Allen first sued two defendants, Lynette Lee and Dwight Adams, alleging that they destroyed potentially exculpatory evidence in their custody that would have allowed famed O.J. Simpson defense attorney Barry Scheck to exonerate Mr. Allen. No. 09-7027, R. vol. I, at 10. It is unclear from the record whether Mr. Adams was ever served with process in this case, but Ms. Lee appeared and moved to dismiss under Rule 12(b)(6). The district court denied that motion in order to allow Mr. Allen to amend his complaint. But the amended complaint did not name either Ms. Lee or Mr. Adams as defendants, so the district court dismissed them from the lawsuit. No. 09-7027, R. vol. I, at 1-2. Instead, the Amended Complaint names Sheriff Rudy Briggs as the sole defendant. It alleges that Sheriff Briggs had an affair with Mr. Allen's wife, and that the two conspired to frame Mr. Allen for the alleged rape. Specifically, Mr. Allen claims that his wife allowed Sheriff Briggs to obtain a pair of her underwear containing Mr. Allen's DNA, and that the Sheriff then used that DNA to implicate Mr. Allen. Like his lawsuit against his attorneys, this action seeks relief under §§ 1983 and 1985, as well as a writ of habeas corpus. And like the other lawsuit, the district court dismissed this action as frivolous.

Unfortunately, Mr. Allen's brief on appeal is inadequate to permit us to consider most of his claims. Because he is a *pro se* litigant, Mr. Allen filed Form A-12 in lieu of a formal brief on appeal. This form runs five pages, including the cover sheet and the certificate of service. It asks a *pro se* appellant to answer nine questions about his appeal. Mr. Allen gave answers to only three of these questions, and those answers were almost entirely unresponsive. Though his signature appears at the bottom of page 4 of the form, Mr. Allen left all six questions on that page blank. These questions ask the appellant to identify the specific errors committed by the district court. No. 09-7027, Br. at 4. Mr. Allen also declined to tell us what issues he presents on appeal. *Id.* at 3. Instead, Mr. Allen wrote: "I'm not able to out litigate these people, so I'm asking you to review all the records, all the way back to the trial, the trial judge made a lot of mistakes – in records & appeal brief." *Id.* at 2. When asked what argument and authorities he presents in support of his appeal, he responded, "Proceed without due to my mental illness and anxiety getting worse, so please help and proce[ed] with evidence you have access to[]." *Id.* at 3.

Mr. Allen's exhortation to us to scour the record – not only of this proceeding, but of other proceedings before other courts – in search of error is beyond what our rules permit. We have repeatedly said that while *pro se* litigants' pleadings will be construed solicitously, they must "follow the same

rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  While we can excuse a *pro se* party's "'failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,' the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments or searching the record." *Id.* (quoting *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *see also In re Antrobus*, 563 F.3d 1092, 1099 (10th Cir. 2009) ("Under our rules we are not permitted to invent arguments even for *pro se* litigants.").  A *pro se* brief "must contain . . . more than a generalized assertion of error, with citations to supporting authority." *Garrett*, 425 F.3d at 841 (internal quotation omitted).

The only item in Mr. Allen's brief that could be considered argument for reversal is his statement that "Briggs tampered and destroyed evidence," which (along with a list of other allegations having nothing to do with the defendant in this case) led to a wrongful conviction.  No. 09-7027, Br. at 2.  This was among the many allegations the district court found to be frivolous, and we could not say that this was an abuse of the court's considerable discretion.

The Supreme Court has told us that district courts are in the best position to judge the frivolousness of factual allegations.  Section 1915 confers on them "the

unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton*, 504 U.S. at 32 (quotation omitted).  By itself, there is perhaps nothing obviously incredible about the allegation that an investigating officer tampered with evidence in a criminal case.  But in the context of Mr. Allen's "laundry list" of conspiracy theories of wrongdoing, *see* No. 09-7027, D. Ct. Order at 2-3, we think the district court was within its rights to conclude that "[Mr. Allen's] complaint is nothing more than inflammatory rhetoric." *Id.* at 3.  The court noted that the complaint was "devoid of any factual data linking [Briggs] to [Mr. Allen's] perceived persecution, much less to any recognizable legal theory of recovery," and concluded that each of its allegations was "fanciful, fantastic, and delusional." *Id.*  This conclusion was certainly not "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment" amounting to an abuse of discretion. *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quotation omitted).  The district court's dismissal of Mr. Allen's complaint is therefore affirmed.  Because reasonable jurists could not debate whether the district court abused its discretion, to the extent Mr. Allen's lawsuit against Sheriff Briggs is a petition for habeas corpus, the COA needed to appeal the dismissal of that petition is denied.

* * *

In both cases decided today, our mandate is the same. To the extent Mr. Allen seeks a writ of habeas corpus in each case, we deny his application for a COA and dismiss the appeal in part. As for what remains, we affirm the district court's judgment. Mr. Allen's pending motion to supplement the record on appeal is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge