**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS LEE CRAWFORD,

　　　　　　　Petitioner-Appellant,

　　　v.

KEVIN MILYARD, Warden, Sterling
Correctional Facility, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　　　　Respondents-Appellees.

No. 09-1323

(D. of Colo.)

(D.C. No. 08-CV-2642-ZLW)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY*

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.**

Douglas Lee Crawford, a state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his 28

U.S.C. § 2254 habeas petition. The district court found that Crawford's petition

---

* This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Crawford is proceeding pro se, we view his filings liberally. *See*
*Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

was an unauthorized successive petition and dismissed it for lack of jurisdiction. This court has jurisdiction under 28 U.S.C. § 2253.

We DENY Crawford's request for a COA, DISMISS the appeal, and DENY Crawford's request to proceed in forma pauperis.

## I. Background

In 1986, Crawford was convicted in Colorado state court on charges of first-degree murder, menacing, and first-degree burglary. He was sentenced to life imprisonment. Crawford filed his first § 2254 petition in May 2008. The district court denied the petition, finding it time barred. D. Order, dated August 14, 2008.

In November 2008, Crawford filed this habeas petition. The district court concluded that, despite the inclusion of language professing otherwise, the petition attacks the same judgment of conviction that Crawford's previous petition did. The district court ruled that the November 2008 petition is an unauthorized successive § 2254 application and, like Crawford's first habeas petition, is time barred. The district court held that it was not in the interest of justice to transfer the instant petition to this court for authorization and, instead, dismissed it for lack of jurisdiction.

## II. Discussion

A § 2254 petitioner must obtain a COA before appealing from a final order in a habeas proceeding. *See* 28 U.S.C. § 2253(c)(1)(A). "[O]nly if the applicant has made a substantial showing of the denial of a constitutional right" will the court issue a COA. *See* 28 U.S.C. § 2253(c)(2). When, as here, the district court denies the petitioner's claim on procedural grounds, we will not issue a COA unless the petitioner demonstrates: "[(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where possible, courts should resolve cases based on this test's second prong. *Id.* at 485.

Before a state prisoner may file a second or successive § 2254 petition, the prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court will only authorize a successive petition when the petitioner relies on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2244(b)(2)(A)−(B), (b)(3)(C).

> When a second or successive § 2254 [] claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the [] petition for lack of jurisdiction.

-3-

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2244(b)(2). *See In re Cline*, 531 F.3d at 1252. In determining whether a transfer is in the interest of justice, a district court should consider whether the claims would be time barred if filed in the proper forum, whether the claims are meritorious, and whether the claims were filed in good faith. *See id.* at 1251.

It is clear from the record that the district court's procedural ruling was undebatably correct. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Crawford has not argued that any of his claims are based on a new rule of constitutional law or newly discovered evidence. *See* 28 U.S.C. § 2244(b)(2)(A)–(B). Moreover, as the district court concluded—and as Crawford does not contest—all of the claims in Crawford's petition are time barred.

### III. Conclusion

For the foregoing reasons, we DENY Crawford's application for a COA and DISMISS this appeal. We also DENY Crawford's request to proceed in forma pauperis on appeal. While Crawford has shown a financial inability to pay the required fees, he has not demonstrated a reasoned, non-frivolous argument on

the law and facts in support of the issues raised on appeal.  *See McIntosh v. U.S.*

*Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge
