**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHAUNCEY GRUENWALD,

Plaintiff-Appellant,

v.

LEONARD MADDOX, JASON
MYERS, and ROLAND BUCHANAN,

Defendants-Appellees.

No. 10-3098

(D. of Kan.)

(D.C. No. 5:06-CV-03340-EFM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Chauncey Gruenwald, a state prisoner proceeding pro se, brought a 42

U.S.C. § 1983 claim and state law assault and battery claims against Jason Myers,

Leonard Maddox, and Roland Buchanan (Appellees), all correctional officers at

the Kansas Department of Corrections (KDOC).  Gruenwald contends Appellees

used excessive force in violation of the Eighth Amendment of the United States

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Constitution. After trial, a jury returned a verdict in favor of Appellees on each count, and the district court entered judgment against Gruenwald.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I. Background

Gruenwald originally brought this § 1983 suit alleging Appellees wrongfully sprayed mace into his prison cell, physically abused him and choked him during his mace detox shower, then beat him severely and repeatedly in his back after they had detained and cuffed him. Gruenwald contended Appellees engaged in this abuse despite his repeated assurances he would not resist them. In his suit, Gruenwald alleged Appellees violated the Eighth Amendment's prohibition against cruel and unusual punishment. He also brought state tortious assault and battery claims. The district court originally dismissed all of Gruenwald's claims on qualified immunity grounds, but we reversed in part and remanded. *Gruenwald v. Maddox*, 274 F. App'x 667 (10th Cir. 2008).

At trial after the remand, a jury returned a verdict for Appellees on all counts, and the district court entered judgment for Appellees. Gruenwald appeals, raising issues related to the effectiveness of his counsel, the KDOC's witholding evidence and failing to take proper X-rays, and the trial court's decision to allow a certain juror to remain on the panel.

## II. Discussion

Gruenwald's opening appellate brief merely lists issues, many of which he raises for the first time on appeal, without any argument, case law, or record citations in support. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991) ("The failure to raise the issue with the trial court precludes review except for the most manifest error."). Although *Haines v. Kerner*, 404 U.S. 519 (1972), requires our liberal reading of pro se pleadings, the petitioner must give us something to interpret. We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotations omitted). And while we make "some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements," at the same time, we "cannot take on the responsibility of serving as the litigant's attorney." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations omitted). We cannot, for example, create an argument for a petitioner when he provides no hint of one, nor can we search the record on his behalf in hopes of finding his argument for him. Gruenwald provides no argument in support of the issues he raises. Such briefing is inadequate to challenge the district court's rulings or the procedures at trial.

Additionally, Rule 28(a) of the Federal Rules of Appellate Procedure requires the appellant to submit a brief with an "argument, which must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9)(A). "We do not consider merely including an issue within a list to be adequate briefing." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002).

Even if we could somehow reach the merits of the claims, we see no error. Gruenwald either waived claims by failing to object at trial, or the claims have no legal basis (*e.g.*, ineffective assistance claims in the civil context are really malpractice claims against counsel).

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment. We also DENY Gruenwald's motion to proceed in forma pauperis. We have reviewed his opening brief and cannot discern a reasoned, non-frivolous argument on the law and facts in support of the issues he proposes to raise. 28 U.S.C. § 1915(e)(2)(B). We thus ORDER Gruenwald to pay immediately the unpaid balance of his filing fee.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-4-