FILED
United States Court of Appeals
Tenth Circuit

February 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LESLIE A. McWILLIAMS,

        Plaintiff - Appellant,

v.

THERESA KING,

        Defendant - Appellee.

No. 13-3211
(D.C. No. 2:10-CV-02506-JTM)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Leslie A. McWilliams, proceeding *pro se*, appeals the entry of judgment following a jury trial in which the jury returned a verdict in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

favor of the defendant, Deputy Theresa King, a Wyandotte County Sheriff's Deputy, in Ms. McWilliams' civil rights suit against Ms. King. While we construe Ms. McWilliams' brief as an opening brief on appeal, she has styled her opening brief also as a "Petition for Rehearing En Banc." We accordingly briefly address her request for rehearing as well.

## BACKGROUND

On August 7, 2010, Ms. King arrested Ms. McWilliams at an apartment complex in Kansas City, Kansas. Deputy King used her taser to effectuate the arrest. At the time of this arrest, Ms. King was working as a security guard for Gateway Plaza Townhomes, off-duty from her position as a Deputy, see Unified Gov. of Wyandotte Cnty/Kansas City v. McWilliams, 272 P.3d 1287 (Kan. Ct. App. 2012) (unpublished). After arresting Ms. McWilliams, Ms. King cited Ms. McWilliams for violations of the Kansas City noise ordinance, for obstruction, and for disorderly conduct. Ms. McWilliams was found guilty of all three violations in the Kansas City Municipal Court. She then appealed to the Wyandotte County District Court, which also found her guilty. Id. Ms. McWilliams subsequently appealed to the Kansas Court of Appeals, which affirmed those convictions. Id.

While her criminal case was still pending, Ms. McWilliams filed a civil complaint in the federal district court. She claimed that Deputy King had used

excessive force during her arrest. Deputy King filed her answer, denying Ms. McWilliams' claims and averring that she had used reasonable force to lawfully arrest Ms. McWilliams.

A jury trial was held from August 6, 2013 through August 8, 2013. On August 8, the jury returned a unanimous verdict in favor of Deputy King. The district court entered judgment in accordance with that verdict. Ms. McWilliams appealed. Her argument is as follows: "Once the court consult the records, it will be established that nothing exist in the records, it will be established that nothing exist in the records that will substantiate a clear and convincing decision for officer King to use excessive force to confront appellant McWilliams." Pet. for Rehearing/Opening Br. at 2. She thus evidently seeks to have us vacate the jury's decision in this case.

**DISCUSSION**

Ms. McWilliams appears to challenge the jury's verdict on the ground that it was not supported by sufficient evidence. When a jury's verdict is challenged on appeal for its legal sufficiency, "our review is limited to determining whether the record—viewed in the light most favorable to the prevailing party—contains substantial evidence to support the jury's decision." Bangert Bros. Constr. Co., Inc. v. Kiewit W. Co., 310 F.3d 1278, 1292 (10th Cir. 2002). "Substantial evidence is something less than the weight of the evidence, and is defined as such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence." Id.

Ms. McWilliams fails to cite any portion of the record to support her generalized claim that the jury verdict is unsupported. We note Ms. McWilliams' *pro se* status. "Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' '[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). "Thus, although we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]' the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Id. (quoting Hall, 935 F.2d at 1110).

Ms. McWilliams did not request that a transcript be prepared for her appeal. Fed. R. App. P. 10(b)(1) states that it is the Appellant's duty to order a transcript within fourteen days of filing the notice of appeal. Additionally, Fed. R. App. P. 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that

a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Furthermore, 10th Cir. R. 10.1(A)(1)(a) provides that "[w]hen sufficiency of the evidence is raised, the entire relevant trial transcript must be provided."

Rather than adhering to those rules, Ms. McWilliams invites us to search the record, without the benefit of a trial transcript, for portions supporting her vague claim of insufficiency. We decline to do so. We have stated previously that Fed. R. App. R. 28 "applies equally to pro se litigants," and that "when a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." Garrett, 425 F.3d. at 841 (quoting Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001)).[1] This reason alone provides ample basis for affirming the district court's entry of judgment in favor of Ms. King, following the jury verdict in her favor.[2]

---

[1] Rule 28(a) explains in some detail what an appellant's brief must contain. Suffice it to say that Ms. McWilliams' brief is woefully inadequate in meeting the standards set forth in Rule 28.

[2] To the extent Ms. McWilliams also appears to seek initial rehearing en banc of the district court's judgment, that request fails to comply with the applicable Rules. See Fed. R. App. P. 35(a); 10th Cir. R. 35.1(A).

**CONCLUSION**

For the foregoing reasons, we AFFIRM the district court's judgment, and

we DENY Ms. McWilliams' request for initial en banc review.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge