**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES P. SHERARD,

    Petitioner - Appellant,

v.

STATE OF UTAH,

    Respondent - Appellee.

No. 15-4167
(D.C. No. 2:13-CV-00298-TC)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

James Sherard, a Utah state prisoner, seeks a certificate of appealability (COA) to challenge the district court's denial of his habeas petition. The district court concluded that Sherard filed his petition after the one-year limitation period had run. *See* 28 U.S.C. § 2244(d). We agree with the district court's conclusion. Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253(a), we deny Sherard's request for a COA and dismiss this appeal.

In 1987, Sherard pleaded guilty to capital murder, aggravated burglary, aggravated sexual assault, and theft. The state district court sentenced Sherard to life on the capital-murder count, 5 years to life on the aggravated-burglary count, 15

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years to life on the aggravated-sexual-assault count, and 1 to 15 years on the theft count, all to be served consecutively. Sherard did not appeal and did not immediately seek post-conviction relief in state court.

In 2007, under Utah R. Crim. P. 22(e), Sherard filed a motion to reduce an illegal sentence. Sherard challenged the three non-murder convictions and sought to withdraw his guilty pleas. Sherard also asserted that his counsel had been constitutionally ineffective. On November 15, 2007, the state district court denied Sherard's motion, concluding that Sherard had not challenged the legality of his sentence but instead was trying to challenge the underlying convictions. Sherard did not appeal the district court's decision.

On April 29, 2013, Sherard filed in federal district court a habeas petition under 28 U.S.C. § 2254. He asserted that his counsel had been constitutionally ineffective and that the state court had upheld an illegal sentence. The district court denied Sherard's motion as untimely. It found that Sherard had not filed his habeas petition within the required one-year time period after Sherard's state-court conviction became final. *See* 28 U.S.C. § 2244(d). The district court acknowledged that Sherard's 2007 motion to correct an illegal sentence tolled the habeas-filing deadline but noted that Sherard's time to file a habeas petition had already expired.

Sherard now seeks to challenge the district court's decision.[1] But to do so, he must obtain a COA. When a district court dismisses a habeas petition on procedural

---

[1] Because Sherard proceeds pro se, we view his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we will not serve as Sherard's

grounds, a petitioner must "demonstrate both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Sherard cannot satisfy this standard. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must file a habeas petition within one year after the date the judgment becomes final or the time for seeking direct review expires. 28 U.S.C. § 2244(d)(1)(A). Because Sherard's convictions became final before Congress enacted AEDPA, the one-year limitation period for a habeas petition started on AEDPA's effective date, April 24, 1996. *Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001). Thus, absent tolling, Sherard had to file his habeas petition on or before April 24, 1997. *Id.*

Sherard did not file his habeas petition until April 29, 2013, more than 16 years after his habeas deadline had passed. True, pursuing state post-conviction relief tolls the one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). Thus, the time in 2007 that Sherard's motion to correct an illegal sentence was pending would normally have tolled the one-year limitations period. But by 2007, Sherard was already ten years late in filing his habeas petition, and his 2007 motion would not

---

attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We have also "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

3

restart the one-year clock. *See Fisher*, 262 F.3d at 1142–43. And even if it would have done so, Sherard waited another six years to file his petition.

Sherard argues that that Utah law permitted him to file a timely habeas application in 2013. He points to a Utah statute that permits convicted defendants to seek post-conviction relief in state court when the conviction and sentence violate the United States Constitution. *See* Utah Code. Ann. § 78B-9-104(1)(a)–(b). This statute has no bearing on AEDPA's one-year limitation period. Section 2244(d) applies to Sherard's federal habeas petition, notwithstanding any state-court relief that he is entitled to seek. *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000).

Nor is Sherard entitled to equitable tolling of the one-year limitation period. *See id.* at 808 (holding that the one-year limitation period "is subject to equitable tolling but only 'in rare and exceptional circumstances'" (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998))). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Even if Sherard's bare, conclusory allegations that his counsel had been constitutionally ineffective or that Sherard was prevented from filing a habeas petition because of physical or mental capacity qualified as "some extraordinary circumstance," Sherard has not alleged that he had been pursuing his rights diligently. *Id.*

Reasonable jurists would not debate the district court's concluding that Sherard's petition was untimely. We deny a COA and dismiss this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge