FILED
United States Court of Appeals
Tenth Circuit

October 7, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TRAVIS T. BEDORE,

    Plaintiff - Appellant,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant - Appellee.

No. 24-1176
(D.C. No. 1:22-CV-00179-SKC)
(D. Colo.)

_____

## ORDER AND JUDGMENT*
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Travis T. Bedore filed a pro se complaint against Nationstar Mortgage

LLC ("Nationstar") alleging it erroneously failed to cancel the private

mortgage insurance requirement on his mortgage and provide escrow

disclosures. He alleged Nationstar violated the Consumer Financial

Protection Act, 12 U.S.C. § 5531 et seq., the Real Estate Settlement

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Procedures Act, 12 U.S.C. § 2601 et seq., the Homeowners Protection Act, 12 U.S.C. § 4901 et seq., and the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et seq. Bedore further asserted claims for breach of contract, unjust enrichment, and negligence under Colorado law. Nationstar filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which the district court granted. Because Bedore has forfeited any review of the district court's judgment on appeal, we affirm.

## I

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (quoting *Jensen v. Solvay Chems., Inc.*, 625 F.3d 641, 650 (10th Cir. 2010)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "[w]e examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Merrifield*, 654 F.3d at 1077 (quoting *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009)). In this

appeal, however, we affirm summary judgment in favor of Nationstar because Bedore has forfeited his right to a review of that decision.

## II

Bedore's opening brief contains no substantive argument as to why summary judgment was erroneously granted in favor of Nationstar. Apart from referring to the Colorado Rules of Professional Conduct and other unspecified rules, Bedore's argument consists of the following:

> The court's denial of my motions for intervention and discovery hearings, coupled with opposing counsel's misrepresentation and the Appellee's withholding of documents, have severely compromised the fairness and due process rights afforded to me in this legal matter.
>
> These actions collectively undermine the integrity of the judicial process and obstruct my efforts to seek justice under the law.

Op. Br. at 6. Bedore refers to summary judgment only once by asking this court to "[r]everse Judge Crews' decision and enter summary judgment in favor of [him]."[1] *Id.* at 17.

Such conclusory statements are inadequate to preserve issues for review. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It is well-established that a pro se litigant's pleadings and other

---

[1] In his reply brief, Bedore makes several arguments regarding summary judgment. But we ordinarily do not review issues raised for the first time in a reply brief, *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000), and given the opening brief's inadequacies, we decline to do so here.

papers are construed liberally and held to a less stringent standard than those drafted by attorneys. *United States v. Hald*, 8 F.4th 932, 949 n.9 (10th Cir. 2021). But "[t]his court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). And indeed, the Federal Rules of Appellate Procedure require appellants to provide an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Rule 28 "applies equally to pro se litigants," and requires "more than a generalized assertion of error, with citations to supporting authority." *Garrett*, 425 F.3d at 841 (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

"[W]hen a pro se litigant fails to comply with [Rule 28], we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (quoting *Anderson*, 241 F.3d at 545). Liberally construing the briefs despite a plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," does not mean we "take on the responsibility of serving as the litigant's attorney in

4

constructing arguments and searching the record." *Id.* at 840. (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III

Given Bedore's inadequate arguments on appeal, we decline to exercise "any discretion we may have to delve for substance in a pro se [filing]." *Id.* Because Bedore fails to make coherent arguments, we deny his motion for leave to proceed in forma pauperis.[2]

AFFIRMED.

> Entered for the Court
>
>
> Richard E.N. Federico
> Circuit Judge

---

[2] We also deny Bedore's motion to take judicial notice, as the information presented is not appropriate for judicial notice under Federal Rule of Evidence 201. *See Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) ("Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day.").